White, J.
The plaintiff in error, having been convicted on an indictment for murder, makes the present application, by his counsel, for the reversal of the sentence pronounced on the verdict.
The only ground of exception to the proceedings relied on, relates to the supposed disqualification of L. J. Bhodes as a juror, arising from his expression of an opinion, before the trial, in relation to the issue. The objection appears from the record in two forms— first, by exception taken to the overruling, by the court, of the ■challenge of the plaintiff in error, to the juror after his examination on his voir dire, at the time of the impaneling of the jury; .and, secondly, by exception taken to the overruling of the motion for a new trial.
It is said the rulings of the court in question are founded on the act supplementary to “ an act directing the mode of trial in ■criminal cases,” passed March 3,1860 (S. & C. Stat. 1197), and it is ■claimed, by counsel, that this act is repugnant to that part of section 10, article 1, of the constitution of the state, which guarantees to every party accused, a trial by an impartial *jury of the *301 county or district in which the offense is alleged to have been committed.
The act referred to provides that if a juror, under examination, touching his competency to. serve in a criminal-case, shall state that ho has formed an opinion, or has formed and expressed an opinion as to the guilt or innocence of the accused, and shall be objected to-for that reason, the court shall thereupon proceed to examine such person as to the grounds of such opinion, and if it shall appear to-have been founded upon reading newspaper statements or reports, or upon rumor or hearsay, and not upon conversation with witnesses of the transaction, or hearing them testify, and the juror shall say that he feels able, notwithstanding such opinion, to render an impartial verdict upon the law and the evidence, the court, if satisfied that said juror will render such impartial verdict, may, in its discretion, admit such juror as competent to serve in such case..
The right of the accused to an impartial jury can not be abridged.. To secure this right it is necessary that the body of triers should be composed of men indifferent between the parties, and otherwise-capable of discharging their duty as jurors. Whether, in the practical administration of justice, the right is infringed, is necessarily a judicial question; and whether, in a particular case, a proposed juror has the state of mind which will render him impartial, is a question of fact which it is the duty of the court trying the case to-decide'. This duty is enjoined by the constitution, and, it is true,, can not be impaired, or the right abridged, by legislative action.
The previous demeanor of a juror, the information he may have-received, or the opinions he may have entertained or expressed, are-only evidence of the state of his mind, and aré material only as they may tend to show a free judgment of the case, the existence-of prejudice against either of the parties, or his indifference between them.
As to the character of opinions, the existence or expression of which should be regarded as sufficient evidence of the disqualification of a juror, the practice of the courts has not been uniform. All agree that he should be impartial. The diversity has been as-to the rules of evidence that should ^observed, in practice, in ascertaining the required fact. The statute in question does not require or authorize the admission into the jury of a partial or-prejudiced juror. It only permits the courts to accept the persons to' whom it apjfiies as jurors, after being satisfied, from all the evidence- *302 .disclosed, that they will render an impartial verdict upon the law and the evidence—in other words, that they have the qualifications which the constitution requires jurors to possess. The constitution ■does not prescribe rules of evidence; it only requires the fact of the impartiality of the jury to exist; and a statute can not be said to contravene its guaranty, which leaves the judicial mind free to find the fact, from the evidence submitted, according to the truth. The statute merely prescribes, as a rule of evidence, that opinions formed, or formed and expressed, founded upon newspaper statements or reports, or rumor or hearsay, and not upon conversation with witnesses of the transaction, or hearing them testify, shall not be conclusive evidence of the incompetency of the juror, and thus render all further inquiry unnecessary and unavailing. Nor is the •opinion of the juror that he will be able to render an impartial verdict to be regarded, under the statute, as conclusive of his competency. It is only a circumstance for the consideration of the court in connection with the nature of the opinion, and of the information upon which it may be founded, and all other matters elicited on the examination, throwing light upon the question as to ■the impartiality of the juror. If, from the investigation, the court is satisfied that the character of the opinion is such that it will not interfere with the juror’s rendering an impartial verdict, it is authorized to admit him to the jury; but if not satisfied, he is to be rejected.
The design of the statute was to obviate the difficulty experienced in practice in obtaining, jurors in criminal cases, from the better informed class of citizens. Crimes, especially of the graver description, are more likely than ordinary current events to become notorious in communities where they are committed. And the more intelligent and better informed the community, the more extended this notoriety becomes. The general extension of education in the community, and *the multiplied and constantly increasing 'facilities afforded by the press and other means for the general dissemination of information of current events among the people, render the rule of evidence prescribed by the statute, in the class of ■cases to which it applies, necessary and wise, and, in our opinion, Reaves the constitutional rights of the accused unimpaired.
The next question is, did the court err in everruling the challenge of the plaintiff in error to the juror ?
The following is all that appears in the bill of exceptions upon *303 which this error is assigned: L. J. Rhodes, one of the panel of thirty-six jurors, having been called into the jury-box, was interrogated by the prosecuting attorney, who expressed himself satisfied with the juror. Thereupon the defendant; by his counsel, inquired of said Rhodes if he had formed or expressed an opinion as to the guilt or innocence of the defendant. To which inquiry the said Rhodes replied that he had formed and expressed an opinion in the ease. Thereupon the defendant, by his counsel for said cause, challenged said Rhodes. The court thereupon inquired of the juror whether he had formed this opinion upon conversation, with witnesses of the transaction, or from hearing them testify, or from either of said grounds ? To this the said Rhodes replied that the grounds of his opinion were newspaper statements and hearsay, and that he had not had any conversation with witnesses of the transaction on the subject, or ever heard them testify. He further said to the court that he felt able, notwithstanding such opinion, to render an impartial verdict upon the law and the evidence. And thereupon the court, being satisfied that said Rhodes would render an impartial verdict, decided that he was competent to serve as a juror in the case. To this ruling the defendant excepted.
Can we say that the court erred in so deciding ? This question must be answered in the negative.
The bill of exceptions does not profess to give all the evidence elicited by the examination of the juror. None of the answers given to the inquiries of the prosecuting attorney are stated. In answer to the question of defendant’s counsel, the juror stated that he had formed and expressed an opinion in *the case; but whether the opinion was decided or otherwise, positive or hypothetical, was not made to appear; nor whether it was upon an essential or an immaterial point in the case; nor was the character of the statements on which it was founded disclosed. Upon data so indefinite, clearly we can not say that the challenge was not properly overruled.
The next question is, whether the court erred in overruling the motion for a new trial.
It is not claimed that the verdict was not warranted by the evidence. No part of the evidence adduced on the trial is set out in the record. The sole ground of the motion is the alleged incomq>etency of the juror for the cause upon which he was challenged It is true, the opinion that had been expressed by the juror is here *304 particularly stated. But where a juror, under examination on hisvoir dire touching his competency, makes known that he has expressed an opinion in the case, a party can not turn away from an inquiry into the character of such opinion and afterward make it the ground for a new trial, without at least showing that it has-contributed to his prejudice in the rendition of an improper verdict.. Besides, the record does not show that the affidavits relied on embody all the evidence submitted to the consideration of the court on the determination of the motion. This is essential to enable this court to review the opinion of the court below.
These objections render the consideration of the matters contained in the affidavits unnecessary.
The motion for the allowance of the writ is overruled.
Scott, C. J., and Welch and Brinkerhoff, JJ., concurred.
Day, J., dissented.